IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARY GAMBLE, ) | | |
| ) | | |
| Plaintiff, ) | | 4:07CV3043 |
| ) | | |
| v. ) | | |
| ) | | |
| COUNTY OF DAKOTA, STATE OF ) | | ORDER |
| NEBRASKA, and BRYAN SMITH, ) | | |
| individually and in his ) | | |
| official capacity, ) | | |
| ) | | |
| Defendants. ) | | |

This matter is before the Court on plaintiff Mary Gamble's motion for leave to file an amended complaint (Filing No. 25). Leave to amend a pleading is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "denial of leave to amend may be justified when the amendment is futile." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748 (8th Cir. 2006). In this case, plaintiff's proposed amendment merely adds a cause of action which cannot be maintained and therefore the motion will be denied.

In her proposed amended complaint, plaintiff alleges that "Defendant Dakota County engaged in negligent supervision of Smith, which thereby led to the termination and subsequent loss of reputation and defamation that was sustained by Plaintiff." (Pl.'s Am. Compl. 6 ¶ 38.) Plaintiff argues in her brief that this claim is permissible under the Political Subdivisions Tort Claims Act ("PSTCA"), Neb. Rev. Stat. § 13-901 *et seq.*, because

it is not excluded from the waiver of sovereign immunity by the discretionary function exception contained in § 910(2). (Pl.'s Br. 2.) Defendant argues that this claim is within § 910(2) and also that the county is immune under § 910(1) which maintains immunity if a claim is based on an employee exercising due care. (Def.'s Br. 4-5.) The Court finds that issues of fact exist with respect to each of these arguments and that accordingly it would not be appropriate to deny the plaintiff's motion for leave to amend on those bases. However, the Court also finds that the county is immune because the proposed claim falls under the intentional torts exception to the waiver of sovereign immunity contained in the PSTCA.

Under the intentional torts exception, "[a]ny claim arising out of assault, battery . . . libel [or] slander" is not waived and is therefore immune. Neb. Rev. Stat. § 13-910(7). This motion involves an alleged negligent hiring and supervision claim which resulted in defamation. In order to determine if the claim in this case is within the exception, it is necessary to determine what "arising out of" means for the purpose of interpreting the statute. When construing a statute that purports to waive the protection of sovereign immunity, courts strictly construe the statute in favor of immunity and against waiver. *Johnson v. State*, 700 N.W.2d 620, 623 (Neb. 2005)

(*citing Butler Cty. Sch. Dist. No. 502 v. Meysenburg*, 683 N.W.2d 367 (2004)).

The Court finds that *Johnson v. State*, 700 N.W.2d 620 (Neb. 2005), controls the result in this case.  In *Johnson*, the plaintiff sued the Nebraska Department of Corrections under the State Tort Claims Act, Neb. Rev. Stat. § 81-8209 *et seq.*, alleging that she was sexually assaulted by an employee while she was incarcerated at the Omaha Correctional Center.  *Id.* at 622.  Ms. Johnson alleged, *inter alia*, that the State had been negligent in hiring and supervising the employee who allegedly perpetrated the assault.  *Id.*  In affirming judgment on the pleadings for the State, the Nebraska Supreme Court held that "[w]here the plaintiff's tort claim is based on the mere fact of government employment (such as a respondeat superior claim) or on the employment relationship between the intentional tort-feasor and the government (such as a negligent supervision or negligent hiring claim), the exception . . . applies and the State is immune from suit."  *Johnson v. State*, 700 N.W.2d 620, 625 (Neb. 2005).  Ms. Gamble's proposed first amended complaint (Filing No. 25) adds a cause of action which in ¶ 38 alleges negligent supervision against Dakota County.  Negligent supervision is specifically mentioned in *Johnson* as being based on the employment relationship between the intentional tort-feasor and the government.  Therefore, the Court finds that the plaintiff's

-3-

proposed amended complaint contains a claim which falls under the intentional torts exception to the PSTCA, that Dakota County would be immune from this claim, and that it would be futile for plaintiff to bring the claim.  Accordingly,

    IT IS ORDERED that plaintiff's motion for leave to file an amended complaint (Filing No. 25) is denied.

    DATED this 28th day of August, 2007.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                LYLE E. STROM, Senior Judge
                United States District Court